UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT SCOTT PAIG,<br><br>        Plaintiff,<br><br>    v.<br><br>J. MENDEZ, et al.,<br><br>        Defendants. | Case No.: 1:25-cv-01886-SKO<br><br>**ORDER DENYING PLAINTIFF'S REQUEST TO APPOINT COUNSEL**<br><br>(Doc. 8) |

Plaintiff Robert Scott Paig is appearing pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. section 1983.

## I.      INTRODUCTION

Plaintiff initiated this action by filing a complaint on December 16, 2025. (Doc. 1.) On January 5, 2026, Plaintiff filed a Request for Appointment of Counsel. (Doc. 8.) He states he has contacted several law firms seeking assistance, but none were willing to represent him. (*Id*. at 1.) Plaintiff asserts counsel should be appointed because (1) he is indigent, (2) made a diligent effort to find representation, (3) is "Diagnosed EOP Mental Health Condition of Military associated PTSD, Depression, Suicidal Thoughts, causing diminished focus," (4) has "Diminished cognitive function from malnutrition and age (61)," (5) the case is complex, (6) Defendants are represented, and (7) it is "Oppressive & Unjust when State Government Officials have government provided representation, if citizen plaintiff not granted adequate representation." (*Id*. at 2.)

**II.   DISCUSSION**

Plaintiffs do not have a constitutional right to appointed counsel in section 1983 actions. *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *rev'd in part on other grounds*, 154 F.3d 952, 954 n.1 (9th Cir. 1998). Nor can the Court require an attorney to represent a party under 28 U.S.C. § 1915(e)(1). *See Mallard v. U.S. Dist. Court*, 490 U.S. 296, 304-05 (1989). However, in "exceptional circumstances," the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

Given that the Court has no reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in extraordinary cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Rand*, 113 F.3d at 1525 (internal quotation marks & citations omitted).

First, the Court must evaluate the likelihood of Plaintiff's success on the merits of his claims. *Rand*, 113 F.3d at 1525. Here, a determination concerning the likelihood of success on the merits is premature because Plaintiff's complaint has not yet been screened. *See Porter v. Rivas*, No. 1:23-cv-00105- ADA-CDB (PC), 2023 WL 4765492, at *1 (E.D. Cal. July 26, 2023) ("A likelihood of success on the merits determination is not the same as that required at screening; at screening, the Court is tasked with determining whether a plaintiff has sufficiently and plausibly alleged a cause of action or claim entitling the plaintiff to relief. The merits of the allegations are not tested, for the Court is to consider factual allegations to be true for purposes of screening").

Next, the Court must also evaluate Plaintiff's ability to articulate his claims pro se considering the complexity of the legal issues involved. *Rand*, 113 F.3d at 1525. A brief review of Plaintiff's complaint reveals he asserts First Amendment free exercise of religion, RLUIPA, and Fourteenth Amendment due process claims. (Doc. 1.) These claims are not complex. *Bonin v. Vasquez*, 999 F.2d 425, 428-29 (9th Cir. 1993) (while Plaintiff may have limited knowledge of the law, the Court does not find the issues in this case "so complex that due process violations will occur absent the presence of counsel"); *White v. Krantz*, No. 1:20-cv-00892-KES-CDB, 2025

2

WL 3679832, at *1 (E.D. Cal. Dec. 18, 2025) (noting the Court previously found "'Plaintiff's Free Exercise claims, RLUIPA claims, and Eighth Amendment claims are not complex'"); *Sekona v. Custino*, No. 2:16-CV-0517-JAM-DMC-P, 2021 WL 5165804, at *1 (E.D. Cal. Nov. 5, 2021) ("the claims raised—an Eighth Amendment safety claim and a due process claim—are not complex legally or factually"); *Bowell v. Montoya*, No. 1:17-cv-00605-LJO-GSA-PC, 2018 WL 4772030, at *1 (E.D. Cal. Oct. 1, 2018) ("Plaintiff's claims - - for retaliation, due process, and failure to protect Plaintiff - - are not complex"); *Ahdom v. Etchebehere*, No. 1:13-cv-01623-DAD-GSA-PC, 2017 WL 3593392, at *31 (E.D. Cal. Aug. 21, 2017) (deeming the plaintiff's claim pursuant to Free Exercise clause of the First Amendment is "not complex"); *Crawford v. Hughes*, No. 13-CV-6638-FPG, 2017 WL 130273, at *3 (W.D.N.Y. Jan. 13, 2017) ("the issues in this case—namely, the alleged use of excessive force, discrimination, and denial of due process at a disciplinary hearing—are not complex").

To the extent Plaintiff relies upon his indigence to support his request, that circumstance is not an exceptional one. *See, e.g.*, *Dijkstra v. Campos*, No. 1:21-cv-01223-HBK, 2022 WL 222518, at *1 (E.D. Cal. Jan. 25, 2022) ("Plaintiff's indigence does not qualify 'as an exceptional circumstance in a prisoner civil rights case'"); *Gipbsin v. Kernan*, No. 2:12-cv-0556 KJM DB P, 2021 WL 242570, at *2 (E.D. Cal. Jan. 25, 2021) ("Plaintiff's inability to afford counsel has no bearing on either his likelihood of success on the merits or his ability to articulate his claims pro se"); *Callender v. Ramm*, No. 2:16-cv-0694 JAM AC P, 2018 WL 6448536, at *3 (E.D. Cal. Dec. 10, 2018) ("The law is clear: neither plaintiff's indigence, nor his lack of education, nor his lack of legal expertise warrant the appointment of counsel").

Next, while the Court appreciates Plaintiff's efforts to secure counsel, an inability to find counsel is not "a proper factor for the Court to consider in determining whether to request counsel." *See Howard v. Hedgpeth*, No. 1:08-cv-00859-RTB-PCL 2010 WL 1641087, at *2 (E.D. Cal. Apr. 20, 2010).

Plaintiff's assertions regarding his mental and physical health and diminished cognition also do not amount to exceptional circumstances warranting the appointment of counsel. *See, e.g.*, *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir. 1984) (finding court was within its discretion

when it denied appointment of counsel to sixty-year old appellant proceeding in forma pauperis with no background in law); *Jones v. Kuppinger*, No. 2:13-cv-0451 WBS AC P, 2015 WL 5522290, at *3-4 (E.D. Cal. Sept. 17, 2015) ("[c]ircumstances common to most prisoners, such as a deficient general education, lack of knowledge of the law, mental illness and disability, do not in themselves establish exceptional circumstances warranting appointment of voluntary civil counsel"); *McElroy v. Cox*, No. 08-1221-JM (AJB), 2009 WL 4895360 at *2 (E.D. Cal. Dec. 11, 2009) (an incapacitating mental disability may be grounds for appointment of counsel in some cases, but a plaintiff making that argument must present substantial evidence of incompetence); *Jones v. Stieferman*, 2007 WL 4219169, at *1 (E.D. Cal., Nov. 29, 2007) ("being disabled and requiring use of a wheelchair to assist with mobility is not the type of exceptional circumstances which allow the court to request voluntary assistance of counsel"); *see also Fletcher v. Quin*, No. 3:15-cv-2156-GPC-NLS, 2018 WL 840174, at *2 (S.D. Cal. Feb. 13, 2018) (impairment must be "an incapacitating mental disability" and be supported by "substantial evidence of incompetence").

Finally, Plaintiff's assertion that Defendants will be represented by counsel while he will not have counsel, is not an exceptional circumstance. *See Mills v. Jones*, No. 1:25-cv-00355 KES GSA (PC), 2025 WL 2581578, at *1 (E.D. Cal. Sept. 5, 2025) ("the fact that Defendants are being represented by the Office of the Attorney General, but he does not have an attorney to represent him, is very common in pro se litigant cases. Thus, that fact does not constitute 'exceptional circumstances'"). There is little doubt most pro se litigants "find it difficult to articulate [their] claims," and would be better served with the assistance of counsel. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). For this reason, in the absence of counsel, federal courts employ procedures which are highly protective of a pro se litigant's rights. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding pro se complaint to less stringent standard) (per curiam). Where a plaintiff appears pro se in a civil rights case, the court must construe the pleadings liberally and afford the plaintiff any benefit of the doubt. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). The rule of liberal construction is "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).

The test is not whether Plaintiff would benefit from the appointment of counsel; the test is whether exceptional circumstances exist. *See Wilborn*, 789 F.2d at 1331. Here, no exceptional circumstances exist warranting the appointment of counsel.

**III.    CONCLUSION AND ORDER**

For the foregoing reasons, the Court **HEREBY ORDERS** that Plaintiff's motion or request for the appointment of counsel (Doc. 8) is **DENIED**.

IT IS SO ORDERED.

Dated:    **February 13, 2026**                    /s/ *Sheila K. Oberto*
                                                                     UNITED STATES MAGISTRATE JUDGE

5